IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 15-cv-01393-PAB-NYW

LINDA F. MORTON,
ELIZABETH A. SENNETT, and
LINDA MATHIAS,

      Plaintiffs,

v.

TRANSCEND SERVICES, INC.,

      Defendant.

---

## ORDER

---

    This matter is before the Court on the parties' Joint Motion for Approval of Settlement Agreement and Release [Docket No. 32]. The parties request that the Court approve their settlement of plaintiffs' claims brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

    This case arises out of a wage dispute. Plaintiffs are former employees of Transcend Services, Inc. ("Transcend"). Docket No. 1 at 1-2, ¶¶ 1-3. The plaintiffs in this action were formerly part of a putative collective action filed in the Northern District of Illinois, *Cosentino v. Transcend Servs., Inc.*, No. 1:12-cv-03627, filed on May 11, 2012. *See* Docket No. 18 at 1; Docket No. 25 at 1. On June 30, 2015, plaintiffs filed a complaint in this Court alleging violations of the FLSA during their employment as medical transcriptionists for defendant. *Id*. Specifically, plaintiffs allege that defendant failed to pay them minimum wage and overtime. *Id*. at 14-17. On August 2, 2016, the

parties filed their motion for approval of the settlement.  Docket No. 32.

When employees file suit against their employer to recover back wages under the FLSA, the parties must present any proposed settlement to the district court for review and a determination of whether the settlement agreement is fair and reasonable. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). District court approval of FLSA settlements effectuates the purpose of the statute to "protect certain groups of the population from substandard wages and excessive hours . . . due to the unequal bargaining power as between employer and employee." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945).  To approve the settlement agreement, the Court must find that (1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties concerned, and (3) the proposed settlement contains a reasonable award of attorneys' fees.  *Lynn's Food Stores*, 679 F.2d at 1354.

## I.  BONA FIDE DISPUTE

Parties requesting approval of an FLSA settlement must provide the Court with sufficient information to determine whether a bona fide dispute exists.  *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1234 (M.D. Fla. 2010).  To meet this obligation, the parties must present: (1) a description of the nature of the dispute; (2) a description of the employer's business and the type of work performed by the employees; (3) the employer's reasons for disputing the employees' right to a minimum wage or overtime; (4) the employees' justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each party's estimate of the number of hours worked and

the applicable wage.  *Collins v. Sanderson Farms, Inc.,* 568 F. Supp. 2d 714, 718 (E.D.

La. 2008).  The mere existence of an adversarial lawsuit is not enough to satisfy the

bona fide dispute requirement.  *Id*. at 719-20.

Here the parties state that they dispute the amount of overtime hours worked by

plaintiffs Linda F. Morton and Elizabeth Sennett.  Docket No. 32 at 6.  The parties also

state that they dispute whether the claims of plaintiff Linda Mathias are time barred.  *Id*.[1]

Defendant "Transcend maintains that it properly paid plaintiffs based on the hours

plaintiffs reported, along with Transcend's policies, which direct transcriptionists not to

work off the clock and contain a reporting mechanism if transcriptionists are asked to do

so."  Docket No. 32 at 5.  Given the respective positions of the parties, the Court finds

that a bona fide dispute exists.

## II.   FAIR AND REASONABLE

To be fair and reasonable, an FLSA settlement must provide adequate

compensation to the employees and must not frustrate the FLSA policy rationales.

Courts considering both individual and collective settlements under the FLSA turn to the

factors for evaluating the fairness of a class action settlement.  *See, e.g.*, *Dail v.

George A. Arab Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005) (evaluating

individual action); *Collins*, 568 F. Supp. 2d at 721 (evaluating collective action).  The

Tenth Circuit considers the following factors when deciding whether to approve a class

action settlement under Fed. R. Civ. P. 23(e): (1) whether the parties fairly and honestly

negotiated the settlement; (2) whether serious questions of law and fact exist which

---

[1]This dispute was subject to a motion to dismiss that the Court denied without
prejudice.  Docket No. 33.

3

place the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted litigation; and (4) the judgment of the parties that the settlement is fair and reasonable. *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002).

The parties represent that each plaintiff will receive an amount from the settlement that exceeds the amount of her damages calculations. Docket No. 32 at 5-6. With respect to plaintiffs Linda F. Morton and Elizabeth Sennett, the parties represent that discovery revealed their initial claims overestimated their hours. *Id*. For plaintiff Linda Mathias, the parties represent that the amount she stands to receive in the settlement is greater than her damages even if her claims were proven. *Id*. Based on the parties' representations, the Court finds that the first two factors are satisfied. The Court further finds that, given the disputed issues of law and fact, the value of immediate recovery to plaintiffs outweighs the possibility of future relief. Plaintiffs and defendant are represented by experienced counsel who believe that the settlement is fair and reasonable and the Court finds no reason to disagree with this assessment. *Id.* at 5. Accordingly, the Court finds that the settlement is fair and reasonable and reflects an adequate compromise that considers the risks of continuing with this litigation for each party.

Next, the Court must determine whether the settlement agreement undermines the purpose of the FLSA, which is to protect employees' rights from employers who generally wield superior bargaining power. To determine whether a settlement agreement frustrates the FLSA, courts look to factors including: (1) presence of other similarly situated employees; (2) a likelihood that plaintiff's circumstances will recur; and

(3) whether defendants have a history of non-compliance with the FLSA.  *Dees*, 706 F. Supp. 2d at 1244.  Here, although there appear to be similarly-situated parties and plaintiffs have alleged that defendant's failure to comply with the FLSA is part of widespread conduct, the Court finds that the settlement does not undermine the purpose of the FLSA.  The settlement only resolves plaintiffs' individual claims and does not affect the rights of other employees of defendant.

## III.  ATTORNEYS' FEES

In order to approve the proposed settlement agreement, the Court must examine whether the award of attorneys' fees and costs is reasonable.  *See Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009) (unpublished) (holding that a contingency contract between counsel and plaintiff did not abrogate the court's duty to review the reasonableness of legal fees in an FLSA settlement).  To determine the reasonableness of a fee request, a court must begin by calculating the "lodestar amount," which represents the number of hours reasonably expended multiplied by a reasonable hourly rate.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Balkind v. Telluride Mountain Title Co.*, 8 P.3d 581, 587-88 (Colo. App. 2000).  The lodestar amount may be adjusted based upon several factors, including the time and labor required, novelty and difficulty of the question presented by the case, the skill requisite to perform the legal service properly, preclusion of other employment by the attorneys due to acceptance of the case, customary fee, whether the fee is fixed or contingent, any time limitations imposed by the client or circumstances, amount in controversy and results obtained, experience, reputation, and ability of the attorneys, undesirability of

the case, the nature and length of the professional relationship with the client, and awards in similar cases. *Fulton v. TLC Lawn Care, Inc.*, 2012 WL 1788140, at *5 (D. Kan. May 17, 2012) (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974); *Rosenbaum v. MacAllister*, 64 F.3d 1439, 1445 (10th Cir. 1995)).

The parties request only $300 in attorneys' fees to plaintiffs' counsel, stating that this low total is due to the request being just one part of a global settlement.  Docket No. 32 at 8 n.8.  The parties attach an invoice of plaintiffs' attorneys' fees reflecting 74.20 hours of attorney time for a total of $12,030.00 in fees.  Docket No. 32-4. Additionally, they claim that plaintiffs' counsel incurred $1,841.00 in costs, plaintiffs' counsel's billing rates are between $150 and $450 per hour, and that the representation was on a contingency fee basis.  Docket No. 32 at 7-8.

A "reasonable rate" is defined as the prevailing market rate in the relevant community for an attorney of similar experience.  *Guides, Ltd. v. Yarmouth Group Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002).  The party requesting fees bears "the burden of showing that the requested rates are in line with those prevailing in the community." *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1998).  In order to satisfy their burden, plaintiffs must produce "satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

Because of the extremely low requested attorneys' fees in this case relative to the prevailing hourly rate and time invested, any specific lodestar amount calculated

would far exceed the requested $300.  Therefore, the Court finds that the parties' attorneys' fee request is reasonable.  The Court will approve the parties' settlement agreement and will dismiss this action with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

## IV.   CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the parties' Joint Motion for Approval of Settlement Agreement and Release [Docket No. 32] is **GRANTED**.  It is further

**ORDERED** that this case is dismissed with prejudice in its entirety.


DATED March 13, 2017.

BY THE COURT:


 s/Philip A. Brimmer                                    
PHILIP A. BRIMMER
United States District Judge

7